UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CESAR PEREZ**, individually,

                **Plaintiff,**

v.

**CROWNKING FOOD CORP. d/b/a CROWN FRIED CHICKEN,** a New York for profit corporation,

                **Defendant.**

_____

Case No. _____

## COMPLAINT

Plaintiff, CESAR PEREZ, by and through the undersigned counsel, and in accordance with the Federal Rules of Civil Procedure and all other applicable statutes, regulations, rules, and governing legal authorities files the instant Complaint against Defendant CROWNKING FOOD CORP.d/b/a Crown Fried Chicken for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*.

**I.**  **Jurisdiction**

1. This Court has original jurisdiction over claims arising under Title III of the Americans with Disabilities Act (hereinafter "ADA"). *See* 42 U.S.C. § 12181 *et seq.*; 28 U.S.C. §§ 2201-2202) pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff CESAR PEREZ is sui juris, and qualifies as an individual with a disability as defined by the ADA.

3. Plaintiff CESAR PEREZ is seeking injunctive relief pursuant to the ADA.

4. Plaintiff CESAR PEREZ is also seeking to recover attorneys' fees, litigation expenses and costs incurred in pursuing an action to enforce and obtain compliance with provisions of the ADA in accordance with 28 U.S.C. § 12181 *et seq.*

5. The violative property is located in Kings County, New York at 963 Fulton Street, Brooklyn (hereinafter "Property").

6. The Property is being operated as a food service establishment thus qualifying as a "place of public accommodation (*see* 28 CFR 36.201(a))."

7. Defendant CROWNKING FOOD CORP.d/b/a CROWN FRIED CHICKEN (hereinafter "CROWN FRIED CHICKEN") is the tenant on the Property operating this food service establishment.

8. Venue properly lies in the Eastern District of New York, which is the federal judicial district in which the property is located and on which the violative establishment is conducting business.

II. **ADA Ensures Reasonable Access For Individuals with Disabilities**

9. Notice prior to initiating suit is not mandated by the ADA.

10. All conditions precedent to filing suit are satisfied or are waived by Defendant as their violations have been ongoing since enactment of the ADA.

11. The ADA prohibits discrimination on the basis of disability. The Act guarantees reasonable accommodations for individuals with disabilities to ensure they are not the subject of discrimination.

12. The ADA and the ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New Construction and Alterations portion of Title III (all hereinafter referred to as the "Accessibility Standards") dictate that operators of "commercial establishments" are responsible complying with these federal Accessibility Standards.

### III. Defendant's Violations of ADA Accessibility Standards:

13. Defendant has and is continuing to violate the Accessibility Standards by failing to provide accessible facilities since the passage of the ADA.

14. These violations infringe upon Plaintiff's right to travel free of discrimination causing Plaintiff harm in the form of suffering frustration, shame and humiliation.

15. When Plaintiff PEREZ was visiting CROWN FRIED CHICKEN he encountered architectural barriers at the Property precluding his from

reasonably accessing the goods and services provided to non-disabled individuals.

16. These barriers to access at the Property have deterred Plaintiff from availing himself of, and are denying him the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at CROWN FRIED CHICKEN equal to those afforded to other individuals.

17. Defendant, therefore, is discriminating against Plaintiff and other similarly situated disabled individuals.

18. As a result of Defendant's ADA non-compliance, Plaintiff PEREZ is being deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public.

19. Consequently, Plaintiff is effectively deterred and discouraged from further travel due to these ADA problems.

**IV. Plaintiff Qualifies As An Individual with a Disability Under the ADA**

20. Plaintiff PEREZ (hereinafter "PEREZ" or "Plaintiff PEREZ") is a fifty-one (51) year old married man confined to a wheelchair who lives with his wife in Brooklyn, New York.

21. Plaintiff PEREZ has been suffering from a variety of medical ailments since first developing pancreatitis in 2003, including severe diabetes and shortness of breath.

22. Following a heart attack in 2004, after which Plaintiff PEREZ was diagnosed with diabetic neuropathy, Plaintiff PEREZ began receiving disability.

23. Diabetic neuropathy is a type of nerve damage that occurs as a result of severe diabetes. In Plaintiff PEREZ' case, the nerve damage caused by his diabetes effects the blood vessels throughout his hands, legs and feet as well as in his heart. There is no known treatment to reverse the nerve damage.

24. As a result of his diabetic neuropathy, Plaintiff PEREZ has been confined to a wheelchair since late 2004 having lost the use of his legs. His condition has also affected his upper body and arms leaving Plaintiff PEREZ with limited use of his hands.

25. As the neuropathy progresses Plaintiff PEREZ suffers more and more pain and continues to lose any functionality in his limbs.

## IV. Inspection of CROWN FRIED CHICKEN Establishes ADA Non-compliance

26. The present violations at Defendant's facility threaten Plaintiff's safety.

27. An inspection of CROWN FRIED CHICKEN reveals the following architectural barriers to access precluding Plaintiff, as an individual who is confined to a wheelchair, from reason able accessing the goods and services offered to able-bodied persons:

a. inaccessible entrance as step at entrance acts as a barrier to accessibility without required ramp;

b. required minimum maneuvering clearance not provided at entrance door;

c. inaccessible service counter as height of service counter exceeds maximum height allowance;

d. portion of service counter required to be accessible not provided;

e. inaccessible dining tables as required minimum clear space allowing a forward approach not provided at dining tables;

f. required minimum knee and toe clearance not provided at dining tables;

g. an accessible dining table not provided as required;

h. failure to maintain accessible features and failing to advise to policies, practices and procedures to ensure that the goods and services being offered, as well as the facilities themselves, are accessible to people with disabilities.

28. The above-listed discriminatory violations are not an exhaustive list of all ADA violations on the property. Plaintiff requires an inspection of Defendant's place of public accommodation in order to identify, photograph

and measure all of the barriers to access that constitute discriminatory acts in violation of the ADA.

### V. Returning to CROWN FRIED CHICKEN Before All Violations Are Remedied May Threaten Plaintiff PEREZ'S Physical Safety

29. As the violations at Defendant's facility are ongoing, it would be a futile gesture for Plaintiff to return to the property so long as the above listed violations exist.

30. Plaintiff returning to the property prior to all above violations being remedied will only further subject Plaintiff to discrimination and threaten Plaintiff's physical safety and well-being.

31. Plaintiff plans on returning to CROWN FRIED CHICKEN to avail himself of the good and services offered to the public thereon, and to determine whether the property has been made ADA compliant.

32. However, Plaintiff may require assistance from an able-bodied individual upon returning to ensure his physical safety is not needlessly threated by Defendant's ongoing non-compliance.

### VI. CLAIMS

#### A. Declaration of ADA Violations by Defendant

33. When Plaintiff PEREZ visited CROWN FRIED CHICKEN he could not reasonably access the goods and services otherwise available to able bodied individuals due to architectural barriers and other ADA violations (*see* 42

7

USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*) set forth herein in paragraph 27.

34. The Accessibility Standards, in particular Title III of the ADA, require all places of public accommodation to provide any person with a disability equal access to the goods and services being offered to non-disabled individuals.

35. Defendant denied Plaintiff reasonable access to the good and/or services being offered on their premises in violation of Title III of the ADA thus causing Plaintiff to retain the undersigned law firm to enforce his rights.

36. As a result of Defendant being in continuous violation of Title III of the ADA Plaintiff PEREZ has and is suffering actual harm in the form of personal injury, and humiliation including a sense of isolation and segregation, all of which are depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

37. A declaration that Defendant was in violation of the ADA at the time Plaintiff suffered real and actual harm is necessary to ensure Plaintiff is compensated for the attorneys' fees expended to obtain Defendants compliance with the law.

38. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA. Plaintiff is

entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

**WHEREFORE**, Plaintiff respectfully requests an order declaring Defendant (A) in violation of Title III of the ADA, 42 USC § 12181 *et seq.* at the time of Plaintiff's visit*;* and ((B) as a result of architectural barriers Defendant has effectively denied Plaintiff, as an individual with a disability, reasonable access to the goods and/or services offered on the Property thereby discriminating against Plaintiff.

## B.  ADA Violations Requiring Injunctive Relief

39. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 32 above as if set forth specifically herein.

40. CROWN FRIED CHICKEN is being operated as a place of public accommodation in violation of ADA.

41. Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied the benefits of services, programs and activities at the Defendant's establishment as a result of the ADA violations set forth herein in paragraph 27 in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*.

42. Defendant continues to discriminate against Plaintiff and those similarly situated by operating CROWN FRIED CHICKEN and yet failing to make reasonable modifications in policies, practices and/or procedures to comply with the Accessibility Standards.

43. Modifications in Defendant CROWN FRIED CHICKEN's practices, policies and procedures are necessary to afford all offered goods, services, facilities, privileges, advantages and/or accommodations to individuals with disabilities.

44. Said modifications are also necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

45. Plaintiff is suffering true and actual harm by Defendant CROWN FRIED CHICKEN operating a place of public accommodation. Defendant's discriminatory practices create the potential for and/or cause Plaintiff physical harm and contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

46. Plaintiff, and all others similarly situated, have and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein.

47. Plaintiff is without any adequate remedy and law.

48. The undersigned has been retained by Plaintiff and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505 for having to employ the services of an attorney to gain Defendant's compliance with the Accessibility Standards.

49. Pursuant to 42 USC § 12188, this Court is empowered to order an injunction to remedy for Defendant's ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendant cure all ADA violations.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

    a.    Injunctive relief against Defendant;

    b.    award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

    c.    any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

Respectfully submitted on July 13, 2016.

**By: /s/ Tara Demetriades**
Tara Demetriades, Esq.
New York Bar No. 4185666

**ADA Accessibility Associates**
1076 Wolver Hollow Road
Oyster Bay, New York 11771
E: TDemetriades@Aol.com
T: (516) 595-5009